UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re Beluga Shipping Gmbh & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd., Federal Court Proceedings, NSD 1670 of 2008 before the Federal Court, New South Wales, Australia<br>_____ | Misc. Case No. 10-80034 JW (PVT)<br><br>**ORDER REGARDING SUZLON'S AMENDED ORDER FOR LEAVE TO CONDUCT DISCOVERY IN AID OF FOREIGN JUDICIAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>[Docket No. 9] |

Previously, Suzlon Energy, Ltd., Suzlon Energy Australia PTY Ltd., Suzlon Infrastructure Limited, Suzlon Wind Energy Corporation, USA, Suzlon Structures PTE, Ltd., and SE Shipping PTE Ltd. (collectively "Suzlon") petitioned for leave to conduct discovery in aid of foreign judicial proceedings pursuant to 28 U.S.C. § 1782. On February 12, 2010, the court issued an order denying without prejudice Suzlon's petition for leave to conduct discovery in aid of foreign judicial proceedings pursuant to 28 U.S.C. § 1782. Specifically, the court instructed Suzlon to serve cross-defendants Sridhar and Bangad, who were believed to reside in Australia. On February 24, 2010, Suzlon filed an amended order which indicated that the cross-defendants currently live and are imprisoned in India. Suzlon requests that it be permitted to conduct service of process by mail.

IT IS HEREBY ORDERED that Suzlon conduct service of process by the following manner: India is a member of the Hague Convention and therefore service of process will comply

with the regulations set therein. *See* Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, November 15, 1969. Additionally, India also includes several special conditions to service of process:

1. Documents to be served must be written in or translated into English.
2. Documents to be served cannot be sent by regular mail.
3. Documents must be served indirectly by proper authority.
4. Documents cannot be served to the defendants by a private judicial officer.

*See id.* at Declarations Reservations; *see also Headstrong Corp. v. Jha*, 2007 U.S. Dist. LEXIS 31135, 6-7 (E.D. Va. Apr. 27, 2007) (holding that "Federal Express with return receipt" did not qualify as service of process in India). Thus, Suzlon's request to conduct service of process by mail does not comply with regulations in India.

Accordingly, Suzlon needs to adhere to the service of process requirements as set forth by India in order to comply with this court's prior order.

IT IS SO ORDERED.

Dated: March 1, 2010

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge