COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Gregory W. Poulos (SBN 131428)
Galin G. Luk (SBN 199728)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Suzlon Energy Ltd.,
Suzlon Energy Australia PTY Ltd.,
Suzlon Infrastructure Limited,
Suzlon Wind Energy Corporation, USA,
Suzlon Structures PTE, Ltd.
and SE Shipping PTE Ltd.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re Beluga Shipping Gmbh & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd., Federal Court Proceedings, NSD 1670 of 2008 before the Federal Court, New South Wales, Australia | Misc. Case No. 10-80034 JW (PVT)<br><br>**SUZLON'S EX PARTE APPLICATION FOR TEMPORARY RESTRAINING ORDER TO GOOGLE, INC.**<br><br>**Hearing date: March 5, 2010**<br>**Time: 10:00 AM**<br>**Location: Courtroom 5**<br>**Chief Magistrate Judge Patricia V. Trumbull** |

SUZLON ENERGY LTD., SUZLON ENERGY AUSTRALIA PTY LTD., SUZLON INFRASTRUCTURE LIMITED, SUZLON WIND ENERGY CORPORATION, USA, SUZLON STRUCTURES PTE., LTD., and SE SHIPPING PTE LTD. (hereafter collectively "Petitioner" or 'Suzlon"), through their attorneys of record at Cox, Wootton, Griffin, Hansen & Poulos, LLP, hereby move the Court for a Temporary Restraining Order, pursuant to Federal Rules of Civil Procedure Rule 65 et seq. ordering Google, Inc. to preserve the contents of the following Gmail accounts: Ybangad@gmail.com;

-1-

sanjeevbangad@gmail.com; rsridhar1998@gmail.com; and g01p36b@gmail.com to allow for appropriate discovery to be conducted on said accounts. This includes saving the contents in said accounts, including data or metadata associated with said accounts and preventing the deletion of any emails, data or metadata associated with said accounts.

As part of this Ex Parte Application, Suzlon hereby attaches as **Exhibit A** to the Declaration of Marc A. Centor (hereinafter "Centor Decl."), a true and correct copy of Suzlon's Petition for Discovery in Aid of Foreign Proceeding pursuant to 28 U.S.C. § 1782.

## I. VENUE AND JURISDICTION

Pursuant to 28 U.S.C. § 1391, venue is proper here. Specifically, Google Inc. ("Google"), which is the party to this Application, has a principle place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043, and is thus currently within this judicial district and subject to personal jurisdiction.

## II. FACTUAL SUMMARY

### A. SUZLON

Suzlon consists of various related entities, including but not limited to SUZLON ENERGY LTD., SUZLON ENERGY AUSTRALIA PTY LTD., SUZLON INFRASTRUCTURE LIMITED, SUZLON WIND ENERGY CORPORATION, USA, SUZLON STRUCTURES PTE., LTD., and SE SHIPPING PTE LTD. *See* Declaration of Joseph Alan Hurley, ¶3 (hereinafter "Hurley Decl."). Suzlon designs and manufactures wind turbines and is the third largest wind turbine manufacturer in the world. As such, Suzlon is engaged in the movement of cargo in various parts of the world. As part of their enterprise, Suzlon formed a shipping business for the movement of Suzlon's and third parties' cargo. *See* Hurley Decl., ¶4.

### B. AUSTRALIAN PROCEEDINGS

Suzlon is currently in litigation against Mr. Rajagopalan Sridhar ("Sridhar") and Mr. Sanjeev Bangad ("Bangad"), and various corporate entities alleged by Suzlon to be owned and/or controlled by Sridhar and/or Bangad, in a judicial proceeding before The Federal

-2-

SUZLON'S EX PARTE APPLICATION FOR TRO

Court of Australia, New South Wales, Beluga Shipping GmbH & Co. KG "Beluga Fantastic" v. Suzlon Energy Ltd., et al, Case No. NDS 1670 of 2008 ("Australian Proceedings"). *See* Hurley Decl., ¶5. Mr. Sridhar and Mr. Bangad are former officers and directors of Suzlon. *See* Declaration of Kirti Vagadia, ¶3 (hereinafter "Vagadia Decl."). In the Australian Proceedings, Suzlon alleges that Sridhar and Bangad, while in charge of Suzlon's shipping business, carried out a range of activities which constituted fraud and breach of fiduciary duties. The alleged unlawful activities included: creating invoices which were represented and paid by Suzlon without the provision of services, misrepresenting to Suzlon whether Suzlon could procure sufficient ships to transport Suzlon's cargo, forming and incorporating several companies themselves to financially benefit from transporting Suzlon's cargo, and unlawfully diverting profits made in the shipping business to companies owned and/or controlled by Sridhar and/or Bangad. *See* Hurley Decl., ¶6. Suzlon believes that Mr. Sridhar and Mr. Bangad created the following electronic mail accounts using Google's "Gmail" service to facilitate their illegal actions against Suzlon: Ybangad@gmail.com; sanjeevbangad@gmail.com; rsridhar1998@gmail.com; and g01p36b@gmail.com. *See* Vagadia Decl., ¶4.

### C. PROCEDURAL HISTORY

On February 5, 2010, Suzlon filed a petition pursuant to 28 U.S.C. § 1782 in the United States District Court, Northern District, San Jose seeking an order from the Court allowing for the issuance of a document and deposition subpoena to Google, Inc. for witnesses and documentary evidence related to Mr. Bangad's and Mr. Sridhar's "Gmail accounts." *See* Centor Decl., ¶ 3. On February 12, 2010, the Court rejected the Petition, *without prejudice*, on the basis that Suzlon failed to give notice of the Petition to Google, Mr. Sridhar and Mr. Bangad. *See* Centor Decl., ¶4. Subsequently, Suzlon submitted a request to the Court allowing for service by mail to Bangad and Sridhar at their counsel's office and at their home address, because these individuals are currently incarcerated in a jail in Pune, India. *See* Centor Decl., ¶5. The Court rejected Suzlon's request but modified

its Order allowing for service consistent with the Hague Convention. *See* Centor Decl., ¶6.

### D. STANDING AND IMMEDIATE IRREPARABLE HARM

Suzlon is concerned that Sridhar and Bangad will delete email from their Gmail accounts or simply close those accounts, resulting in the loss of all emails from those accounts. Hurley Decl., ¶ 7. Suzlon has made attempts to contact Google asking Google to preserve Sridhar's and Bangad's Gmail accounts, including leaving telephone messages and sending a "Freeze" letter. To date, Google has not responded to these requests. *See* Centor Decl., ¶7. Sridhar and Bangad closed four Yahoo! email accounts which were the subject of subpoenas for production issued by the Australian Federal Court on or about February 8, 2010 to Yahoo7! Pty Ltd. Upon receipt of the subpoenas for production, Yahoo7! Pty Ltd advised that there were no documents to produce, as the account holders had closed their accounts. One of these email accounts had been the subject of an earlier subpoena for production issued by the Australian Federal Court which had disclosed emails which greatly assisted Suzlon in their allegations against Sridhar and Bangad. *See* Hurley Decl, ¶ 7.

If the Court does not order Google to preserve Sridhar's and Bangad's Gmail accounts, then nothing will prevent Sridhar or Bangad from deleting emails from their Gmail accounts or closing those accounts entirely. If they delete email from their Gmail accounts, there is a substantial risk that the electronic data will be forever lost or substantially more difficult to retrieve. Suzlon will therefore be at substantial risk of losing evidence that is critical to the Australian Proceedings, and Suzlon will suffer immediate and irreparable injury. There are no other legal remedies that could adequately protect Suzlon's interest. *See* Hurley Decl., ¶7.

### E. NOTICE

Suzlon has provided notice of this Ex Parte Application to Google, a party to this application. *See* Centor Decl. ¶9. Suzlon has not given notice to Mr. Sridhar and Mr. Bangad, because neither is a party to this Ex Parte Application. Even if either was a party, Suzlon understands that both are currently incarcerated in Pune, India and there is no

reasonable alternative to providing notice prior to the hearing on the Temporary Restraining Order. *American Can Co. v. Mansukhani*, 742 F.2d 314 (7th Cir. 1984). Additionally, prior to the issuance of an order by this Court "freezing" said Gmail accounts, Suzlon runs the risk of immediate irreparable harm caused by Sridhar and Bangad deleting emails from said Gmail accounts. *See* Hurley Decl., ¶8. Mr. Sridhar and Mr. Bangad will not suffer any harm as a result of not receiving notice of this Application, as Suzlon is simply asking Google to preserve the "status quo" by maintaining said Gmail accounts until the Court has had the opportunity to review Suzlon's underlying petition to Conduct Discovery in Aid of a Foreign Proceeding pursuant to 28 U.S.C. § 1782. Suzlon will make best efforts to provide notice of the Court's Order to Mr. Sridhar and Mr. Bangad pursuant to the Hague Convention. *See* Centor Decl., ¶7.

### III. MEMORANDUM OF POINTS AND AUTHORITIES

A party seeking a preliminary injunction must establish: (1) that it is likely to succeed on the merits; (2) that it is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in its favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 129 S. Ct. 365 (2008). The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Lockheed Missile & Space Co. v. Hughes Aircraft Co.*, 887 F. Supp. 1320, 1323 (N.D. Cal. 1995). Suzlon can establish each of these elements in the present case and, as such, a temporary restraining order should issue requiring Google to freeze the email accounts in question.

On February 25, 2010, Suzlon petitioned this court for an order, pursuant to 28 U.S.C. § 1782, directing a subpoena for deposition and document production to Google. Suzlon is likely to succeed on the merits of that petition, as the facts supporting its petition are uncontroverted: (1) the party from which discovery is sought, Google, is within the judicial district of the Northern District of California; (2) the discovery is for use in a proceeding before The Federal Court of Australia, New South Wales; and (3) Suzlon is an

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

interested person as a party to the Australian proceedings. These facts are well established and clearly fulfill the requirements of 28 U.S.C. § 1782.

In the absence of preliminary relief, Suzlon is likely to suffer imminent irreparable harm. This harm will arise as a result of Bangad and Sridhar being able to delete any emails or other data currently stored within their Gmail accounts. As that data is believed to contain evidence both of Bangad's and Sridhar's fraud and the current location of monies improperly gained through that fraud, Suzlon is nearly certain to suffer irreparable harm if those accounts and all information contained within them is not preserved. Deletion of vital information by Bangad and Sridhar is imminent as both are now on notice that Suzlon seeks to subpoena Google for all of Bangad's and Sridhar's email records regarding the fraud they are alleged to have perpetrated upon Suzlon. Preservation of the relevant accounts can only be accomplished via Google's saving or capturing the contents in said accounts, including data or metadata associated with said accounts, and preventing the further deletions or alterations of existing data.

Suzlon also satisfies the third and fourth elements necessary for a preliminary injunction to issue. The balance of equities clearly tips in Suzlon's favor. Google faces a negligible amount of harm if this temporary restraining order is ultimately determined to be improper. It will have to expend a minimal amount of time to freeze the requested accounts and a minimal amount of time to unfreeze them. Google will not have to risk improperly disclosing any private information of its users, nor will it have to provide Suzlon with any data before the § 1782 petition is ultimately granted. On the other hand, as discussed above, Suzlon risks great harm if this preliminary injunction is denied and the defendants in the Australian proceedings are ultimately allowed to delete relevant electronically stored evidence.

Furthermore, the public interest weighs heavily in favor of allowing litigants to freeze vital data in the possession of third-party internet companies, when that data may evidence fraud or other illegal activities. The public has a substantial interest in preventing

-6-

SUZLON'S EX PARTE APPLICATION FOR TRO

tortfeasors and other wrongdoers from using locally-based internet companies such as Google to commit tortious acts and then escaping liability due to over-protection of internet data in the possession and control of third parties like Google. The greater the barriers preventing effective preservation of third-party data, the easier it will be for tortsfeasors to effectively escape liability by destroying damaging data while good-faith litigants are jumping through legal hoops in an attempt to subpoena that data.

### IV. CONCLUSION

In light of the foregoing, Suzlon respectfully requests that this Court grant its Ex Parte Application. Absent the Court's order, Suzlon will suffer irreparable harm.

Respectfully submitted.

DATED: March 3, 2010

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP

By: _____
Gregory W. Poulos
Attorneys for Petitioner
SUZLON ENERGY LTD., SUZLON ENERGY AUSTRALIA PTY LTD., SUZLON INFRASTRUCTURE LIMITED, SUZLON WIND ENERGY CORPORATION, USA, SUZLON STRUCTURES PTE., LTD. and SE SHIPPING PTE LTD.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

-7-

SUZLON'S EX PARTE APPLICATION FOR TRO

Misc. Case No. 10-80034 JW (PVT)