| | |
|---|---|
| 1 | **COX, WOOTTON, GRIFFIN,** |
| | **HANSEN & POULOS, LLP** |
| 2 | Gregory W. Poulos (SBN 131428) |
| | Galin G. Luk (SBN 199728) |
| 3 | 190 The Embarcadero |
| | San Francisco, CA 94105 |
| 4 | Telephone No.: 415-438-4600 |
| | Facsimile No.: 415-438-4601 |
| 5 | |
| | Attorneys for Suzlon Energy Ltd., |
| 6 | Suzlon Energy Australia PTY Ltd., |
| | Suzlon Infrastructure Limited, |
| 7 | Suzlon Wind Energy Corporation, USA, |
| | Suzlon Structures PTE, Ltd. |
| 8 | and SE Shipping PTE Ltd. |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN JOSE DIVISION

| | |
|---|---|
| In Re Beluga Shipping Gmbh & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd., Federal Court Proceedings, NSD 1670 of 2008 before the Federal Court, New South Wales, Australia | Misc. Case No. 10-80034 JW (PVT) <br><br> **[PROPOSED] TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE RE PRELIMINARY INJUNCTION TO GOOGLE, INC.** <br><br> **Hearing date: March 5, 2010** <br> **Time: 10:00 AM** <br> **Location: Courtroom 5** <br> **Chief Magistrate Judge** <br> **Patricia V. Trumbull** |

TO GOOGLE, INC.:

YOU ARE HEREBY ORDERED TO SHOW CAUSE AT _____ on _____, or as soon thereafter as counsel may be heard in the courtroom of the Honorable Chief Magistrate Judge Patricia V. Trumbull, located at 280 South 1st Street, San Jose, CA 95113, California, why you, your officers, agents, servants, employees and attorneys and those in active concert or participation with you or them, should not be restrained and enjoined pending resolution of this action from: causing or allowing any alterations, deletions or changes of any kind to be made to the following

-1-
[PROPOSED] TEMPORARY RESTRAINING ORDER AND OSC re PRELIMINARY INJUNCTION TO GOOGLE, INC.
Misc. Case No. 10-80034 JW (PVT)

Gmail accounts Ybangad@gmail.com; sanjeevbangad@gmail.com; rsridhar1998@gmail.com; and g01p36b@gmail.com *or any emails therein,* in order to allow for appropriate discovery to be conducted on said accounts. This will allow for the saving or capturing of the contents of said accounts, including data or metadata associated with said accounts and all emails therein, and includes the restraint and prevention of the alteration, deletion or change of any emails, data or metadata associated with said accounts and the preservation of the accounts such that any contents, data or metadata associated with said accounts that may have been deleted or altered can be recovered or reverted.

This injunction and order is issued because Plaintiff Suzlon can establish: (1) that they are likely to succeed on the merits of the underlying action; (2) that they are likely to suffer irreparable harm in the absence of this preliminary relief; (3) that the balance of equities tips in their favor; and (4) that an injunction is in the public interest. *Winter v. Natural Resources Defense Counsel, Inc.*, 129 S. Ct. 365 (2008). Suzlon can establish each of these elements in the present case and, as such, a temporary restraining order should issue requiring Google to freeze the email accounts in question.

On February 25, 2010, Suzlon petitioned this court for an order pursuant to 28 U.S.C. § 1782, directing a subpoena for deposition and document production to Google, Inc. ("Google"). Suzlon is likely to succeed on the merits of that petition, as the facts supporting its petition are uncontroverted: (1) the party from which discovery is sought, Google, is within the judicial district of the Northern District of California; (2) the discovery is for use in a proceeding before The Federal Court of Australia, New South Wales; and (3) Suzlon is an interested person as a party to the Australian proceedings. These facts are well-established and clearly fulfill the requirements of 28 U.S.C. § 1782.

In the absence of preliminary relief, Suzlon is likely to suffer imminent irreparable harm. This harm will arise as a result of Mr. Bangad and Mr. Sridhar being able to delete any emails or other data currently stored within their Gmail accounts. As that data is believed to contain evidence both of Mr. Bangad's and Mr. Sridhar's fraud and the current

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

location of monies improperly gained through that fraud, Suzlon is nearly certain to suffer irreparable harm if those accounts and all information contained within them is not preserved. Deletion of vital information by Mr. Bangad and Mr. Sridhar is imminent as both are now on notice that Suzlon seeks to subpoena Google for all of Mr. Bangad's and Mr. Sridhar's email records regarding the fraud they are alleged to have perpetrated upon Suzlon. Preservation of the relevant accounts can only be accomplished via Google's saving or capturing the contents in said accounts, including data or metadata associated with said accounts, and preventing the further deletions or alterations of existing data.

Suzlon also satisfies the third and fourth elements necessary for a preliminary injunction to issue. The balance of equities clearly tips in Suzlon's favor. Google faces a negligible amount of harm if this preliminary injunction is ultimately determined to be improper. It will have to expend a minimal amount of time to freeze the requested accounts and a minimal amount of time to unfreeze them. Google will not have to risk improperly disclosing any private information of its users, nor will it have to provide Suzlon with any data before the §1782 petition is ultimately granted. On the other hand, as discussed above, Suzlon risks great harm if this preliminary injunction is denied and the defendants in the Australian proceedings are ultimately allowed to delete relevant electronically stored evidence.

Furthermore, the public interest weighs heavily in favor of allowing litigants to freeze vital data in the possession of internet companies, when that data may evidence fraud or other illegal activities. The public has a substantial interest in preventing tortfeasors and other wrongdoers from using locally based internet companies, such as Google, to commit tortious acts and then escaping liability due to over-protection of internet data in the possession and control of third-parties like Google. The greater the barriers preventing effective freezing of third-party data, the easier it will be for tortfeasors to effectively escape liability by destroying damaging data while good-faith litigants are jumping through legal hoops in an attempt to subpoena that data.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-3-
[PROPOSED] TEMPORARY RESTRAINING ORDER AND OSC re PRELIMINARY INJUNCTION TO GOOGLE, INC.
Misc. Case No. 10-80034 JW (PVT)

PENDING HEARING on the above Order to Show Cause, you, your officers, agents, servants, employees and attorneys and those in active concert or participation with you or them are HEREBY RESTRAINED AND ENJOINED from: causing or allowing any alterations, deletions or changes of any kind to be made to the following Gmail accounts Ybangad@gmail.com; sanjeevbangad@gmail.com; rsridhar1998@gmail.com; and g01p36b@gmail.com *or any emails therein*, in order to allow for appropriate discovery to be conducted on said accounts. This will allow for the saving or capturing of the contents of said accounts, including data or metadata associated with said accounts and all emails therein, and includes the restraint and prevention of the alteration, deletion or change of any emails, data or metadata associated with said accounts and the preservation of the accounts such that any contents, data or metadata associated with said accounts that may have been deleted or altered can be recovered or reverted.

The above TEMPORARY RESTRAINING ORDER is effective on Plaintiff's filing an undertaking in the amount of $_____. This Order to Show Cause and supporting papers must be served on Google no later than ____ days before the date set for hearing, and proof of service shall be filed no later than _____ court days before hearing. This Order to Show Cause and supporting papers must be served on Mr. Bangad and Mr. Sridhar, pursuant to the Hague Convention no later than ____ days before the date set for hearing, and proof of service shall be filed no later than _____ court days before hearing. Due to Mr. Bangad's and Mr. Sridhar's presence in jail in India, Plaintiff may petition the Court to continue the Order to Show Cause hearing provided it shows proof at attempts to serve Mr. Bangad and Mr. Sridhar pursuant to the Hague Convention. Any response or opposition to this Order to show Cause must be filed and personally served on Plaintiffs' counsel no later than _____ days before the date set for hearing, and proof of service shall be filed no later than _____ court days before the hearing.

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-4-
[PROPOSED] TEMPORARY RESTRAINING ORDER AND OSC re PRELIMINARY INJUNCTION TO GOOGLE, INC.
Misc. Case No. 10-80034 JW (PVT)

1
2   DATED: March ___, 2010
3                                           /s/_____
4                                           Patricia V. Trumbull
5                                           UNITED STATES CHIEF MAGISTRATE
6                                           DISTRICT JUDGE
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601