**COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP**
Gregory W. Poulos (SBN 131428)
Galin G. Luk (SBN 199728)
190 The Embarcadero
San Francisco, CA 94105
Telephone No.: 415-438-4600
Facsimile No.: 415-438-4601

Attorneys for Suzlon Energy Ltd.,
Suzlon Energy Australia PTY Ltd.,
Suzlon Infrastructure Limited,
Suzlon Wind Energy Corporation, USA,
Suzlon Structures PTE, Ltd.
and SE Shipping PTE Ltd.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| In Re Beluga Shipping Gmbh & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd., Federal Court Proceedings, NSD 1670 of 2008 before the Federal Court, New South Wales, Australia | Misc. Case No. 10-80034 JW (PVT)<br><br>**SUPPLEMENTAL BRIEF IN SUPPORT OF SUZLON'S PETITION FOR LEAVE TO CONDUCT DISCOVERY IN AID OF FOREIGN JUDICIAL PROCEEDING PURSUANT TO 28 U.S.C. § 1782**<br><br>**Hearing date: May 18, 2010<br>Time: 10:00 AM<br>Location: Courtroom 5<br>Chief Magistrate Judge<br>Patricia V. Trumbull** |

Petitioners Suzlon Energy Ltd., Suzlon Energy Australia Pty. Ltd., Suzlon Infrastructure Limited, Suzlon Wind Energy Corp., Suzlon Structures Pty Ltd., and SE Shipping PTE Limited ("Suzlon") hereby submit this Supplemental Brief pursuant to this Court's April 12, 2010 order requesting briefing on whether Suzlon is required to serve Mr. Sanjeev Bangad ("Bangad") and Mr. Rajagopalana Sridhar ("Sridhar") in India with notice of Suzlon's Petition to Conduct Discovery in Aid of a Foreign Proceeding pursuant to 28

-1-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
Misc. Case No. 10-80034 JW (PVT)

U.S.C. § 1782.

## I.  FACTUAL BACKGROUND

Bangad and Sridhar are former high-level employees of Suzlon's shipping business who are believed to have defrauded Suzlon.  Suzlon is currently involved in Australian litigation that includes claims of fraud and breach of fiduciary duties against Bangad and Sridhar for carrying out a range of unlawful and fraudulent activities that resulted in the diversion of shipping profits to companies owned and/or controlled by Bangad and/or Sridhar ("Australian Proceeding").  Suzlon has reason to believe that Bangad and Sridhar created several Gmail e-mail accounts to facilitate their illegal activity and that the data contained within those accounts will provide relevant evidence for the Australian Proceeding.

On February 5, 2010, Suzlon filed a petition pursuant to 28 U.S.C. § 1782 seeking an order from the Court allowing for the issuance of a document and deposition subpoena to Google, Inc. ("Google") for witnesses and documentary evidence related to Bangad's and Sridhar's "Gmail" accounts.  *See* Docket No. 1.  On March 1, 2010, the Court ordered Suzlon to serve Bangad and Sridhar in India.  *See* Docket No. 10.  On March 3, 2010, Suzlon served Bangad and Sridhar pursuant to the Hague Convention protocols.  *See* Declaration of Max L. Kelley in Support of Supplemental Brief (Kelley Decl.) at ¶ 3.  Suzlon is awaiting confirmation from the Indian Central Authority of the date on which Bangad and Sridhar were served.  *Id*. at ¶ 4.  In the interim, on or before April 26, 2010, the Court received a letter from Bangad's brother confirming that Bangad "received serv ice [*sic*] of documents" on April 14, 2010.  *See* Docket No. 18.

On April 12, 2010, the Court issued an order requiring Suzlon to file "a supplemental brief regarding whether service of the petition to cross-defendants Sridhar and Bangad in India is required pursuant to 28 U.S.C. § 1782[.]"  *See* Docket No. 17.

//

## II.  LEGAL ARGUMENT

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-2-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
Misc. Case No. 10-80034 JW (PVT)

As explained in more detail below, 28 U.S.C. § 1782(a) does not require that a petitioner provide notice to any party of a petition to conduct discovery in aid of a foreign proceeding. Indeed, notice during the petition stage is unnecessary, because the statute requires that notice of any eventual discovery be provided pursuant to the Federal Rules of Civil Procedure or as ordered by the Court.

In addition to the lack of any notice requirement in 28 U.S.C. § 1782, the April 26, 2010 letter from Bangad's brother indicates that this issue may be moot. As we have now received unofficial confirmation that Bangad has been served, the Court may infer that Sridhar has also been served and thus both men have received notice of Suzlon's petition.

### A. 28 U.S.C. § 1782 DOES NOT REQUIRE ANY AMOUNT OF NOTICE

Suzlon seeks relief under 28 U.S.C. § 1782(a), which provides a mechanism for foreign tribunals or interested persons to request assistance from a United States district court in conducting discovery for use in foreign proceedings. The full text of the relevant provision is as follows:

> **§ 1782. Assistance to foreign and international tribunals to litigants before such tribunals.**
>
> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

COX, WOOTTON, GRIFFIN, HANSEN & POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA 94105
TEL: 415-438-4600
FAX: 415-438-4601

-3-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
Misc. Case No. 10-80034 JW (PVT)

In its analysis of this statute, the United States Supreme Court held: "As in all statutory construction cases, we begin our examination of § 1782 with the language of the statute." *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 255 (2004) (quotations omitted). The text of the statute does not require that a petitioner provide any type of notice. *See* 28 USC §1782.

Indeed, requests for assistance under §1782 are often made *ex parte*. More than thirty years ago, the Ninth Circuit in *In re Letters Rogatory from Tokyo Dist.*, 539 F.2d 1216 (9th Cir. 1976), addressed the question of whether these requests were appropriately made on an *ex parte* basis. Id. at 1219. The Court determined that notice was not necessary at the preliminary stage of petitioning the Court for assistance, and concluded that "witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas." *Id*. This remains the clear law in the Ninth Circuit. As the Northern District stated less than a year ago in *In re Marano*, 2009 US Dist. LEXIS 20060 (N.D. Cal. 2009): "An *ex parte* application is an appropriate method for seeking discovery pursuant to §1782." *Id.* at 5; *see also In re Digitechnic*, 2007 U.S. Dist. LEXIS 33708, 5-7 (W.D. Wash. 2007); *In re Microsoft Corp.*, 2006 U.S. Dist. LEXIS 24780, 4-5 (N.D. Cal. 2006).

A survey of cases from other federal Circuit Courts of Appeal confirms that 28 U.S.C. § 1782 petitions are consistently made (and granted) on an *ex parte* basis around the country. *See, e.g., Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co. LLC*, 341 Fed. Appx. 821, 823 (3d Cir. 2009) (district court granted ex parte applications for discovery assistance pursuant to 28 U.S.C. § 1782); *El Paso Corp. v. La Comision Ejecutiva Hidroelectrica Del Rio Lempa*, 341 Fed. Appx. 31, 32 (5th Cir. 2009) ("Both district courts granted the ex parte § 1782 applications."); *In re Application of Aldunate*, 3 F.3d 54, 56 (2d Cir. 1993) (ex parte application for discovery order granted, subpoenas issued); *In re Application of Asta Medica, S.A.*, 981 F.2d 1, 2-3 (1st Cir. 1992), *overruled on other grounds by Intel*, 542 U.S. 241 ("On July 24, 1991, Magistrate Judge Cohen

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP
190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-4-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
Misc. Case No. 10-80034 JW (PVT)

1  granted the *ex parte* application and the subpoena was issued."). It is clear from the above
2  that petitions under 28 U.S.C. § 1782 are properly made on an *ex parte* basis both in the
3  Ninth Circuit and throughout the nation. As requests for judicial assistance under §1782
4  are properly made on an *ex parte* basis, it follows that any attempts to provide notice go
5  above and beyond the requirements of the statute.

6  **B. <u>NOTICE IS ONLY REQUIRED WHEN THE SUBPOENA AND
7  DEPOSITION NOTICES ARE ACTUALLY SERVED</u>**

8  The appropriate time to provide notice is after the Court grants a 28 U.S.C. § 1782
9  petition and when the petitioner serves the discovery request or subpoena. *See* Fed. R. Civ.
10 Proc. 30(b), 45(b). The appropriate time for objection is after a party has received notice of
11 the discovery request. *See, e.g.,* Fed. R. Civ. Proc. 45(c)(3). This is confirmed by the
12 above case law. *See In re Letters Rogatory.*, 539 F.2d at 1219 (holding that objections are
13 properly made through motions to quash the subpoenas). This timing also comports with
14 the language of § 1782, which provides that the Court "may prescribe the practice and
15 procedure . . . for taking the testimony or statement or producing the document or other
16 thing." 28 U.S.C. §1782. If the Court does not specify a particular procedure, the Federal
17 Rules of Civil Procedure apply. *Id*.

18 Given the Court's power to tailor the discovery procedures here, the Court may
19 order Google to produce the requested documents to the Court under seal, thereby
20 preserving the sought-after data and ensuring that the Indian counter-defendants have an
21 opportunity to formally object and/or to direct their counsel to attend any depositions. If
22 the Court does not wish to prescribe a special procedure, then the Federal Rules of Civil
23 Procedure provides all interested parties with time to make appropriate objections. It is
24 clear that at least one of the Indian counter-defendants is fully aware of these proceedings
25 and has already contemplated an objection to the subpoenaing of certain email records. *See*
26 Docket No. 18. The appropriate time for such objections is not in response to Suzlon's §
27 1782 petition, but in response to any eventual subpoenas or deposition notices that the
28

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-5-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
**Misc. Case No. 10-80034 JW (PVT)**

Court may issue. *See In re Letters Rogatory*, 539 F.2d at 1219.

### C. **SUZLON'S PETITION EXCEEDS NOTICE REQUIREMENTS OF § 1782**

In the present case, and pursuant to this Court's order, petitioner Suzlon has continually attempted to provide notice of the ongoing proceedings to Bangad and Sridhar. These attempts have included: completing the requisite paperwork for International Service pursuant to the Hague Convention; sending a letter requesting service to the Indian Ministry of Law and Justice; and calling regularly to the Ministry of Law and Justice to inquire as to whether Messrs. Sridhar and Bangad have been served. As both of these men are currently prisoners in the Yerwada Central Jail in Pune, India, perfecting service has proven to be a difficult task.

In addition, Suzlon has provided ample notice to Google, Inc. of Suzlon's 28 U.S.C. §1782 petition and the reasons for Suzlon's requests. In addition to formal service, Suzlon's counsel has conferred with Google counsel by telephone and email in an attempt to clarify the situation and Suzlon's ultimate request for discovery.

As demonstrated by Suzlon's efforts to properly notify all parties to its §1782 petition, Suzlon has clearly provided more notice than is required. As such, the Court should grant Suzlon's petition and order the issuance of a subpoena for deposition and document production to Google, Inc., as outlined in Suzlon's Petition.

### III. **CONCLUSION**

In light of the foregoing, Suzlon respectfully requests that this Court grant its Petition. Suzlon's Petition meets the requirements of 28 U.S.C. §1782, and seeks information necessary to pursue Suzlon's claims and interests in the Australian Proceedings.

//

//

//

Respectfully submitted,

COX, WOOTTON,
GRIFFIN, HANSEN
& POULOS, LLP

190 THE EMBARCADERO
SAN FRANCISCO, CA
94105
TEL: 415-438-4600
FAX: 415-438-4601

-6-
**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**
**Misc. Case No. 10-80034 JW (PVT)**

DATED:  April 27, 2010

COX, WOOTTON, GRIFFIN,
HANSEN & POULOS, LLP
Attorneys for Petitioner
SUZLON ENERGY LTD., SUZLON ENERGY AUSTRALIA PTY LTD., SUZLON INFRASTRUCTURE LIMITED, SUZLON WIND ENERGY CORPORATION, USA, SUZLON STRUCTURES PTE., LTD. and SE SHIPPING PTE LTD.

By: _____/s/ Galin G. Luk_____

Galin G. Luk

**SUPPLEMENTAL BRIEF IN SUPPORT OF PETITION TO TAKE DISCOVERY IN FOREIGN PROCEEDING**

**Misc. Case No. 10-80034 JW (PVT)**