DAVID H. KRAMER, State Bar No. 168452
MICHAEL H. RUBIN, State Bar No. 214636
JACOB T. VELTMAN, State Bar No. 247597
WILSON SONSINI GOODRICH & ROSATI
Professional Corporation
650 Page Mill Road
Palo Alto, CA 94304-1050
Telephone: (650) 493-9300
Facsimile: (650) 565-5100
Email: dkramer@wsgr.com
Email: mrubin@wsgr.com
Email: jveltman@wsgr.com

Attorneys for Non-Party Google Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| In Re Beluga Shipping Gmbh & Co. KS "Beluga Fantastic" v. Suzlon Energy Ltd., Federal Court Proceedings, NSD 1670 of 2008 before the Federal Court, New South Wales, Australia | CASE NO.: 5:10-MC-80034-JW<br><br>**GOOGLE INC.'S NOTICE OF MOTION AND MOTION FOR ADMINISTRATIVE RELIEF REGARDING SUPPLEMENTAL AUTHORITY; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Before: Hon. Patricia V. Trumbull |

**NOTICE OF MOTION AND MOTION**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that non-party Google Inc. ("Google") will and hereby does move for an order, pursuant to Rules 7-3(d) and 7-11 of the Civil Local Rules, that this Court accept and consider one recent decision in connection with the pending Petition for Leave to Conduct Discovery in Aid of Foreign Judicial Proceedings filed by Suzlon Energy Ltd., *et al.* ("Suzlon"). Attached hereto is a true and correct copy of that decision:

Exhibit 1: *Suzlon Energy Ltd. v. Microsoft Corp.*, No. 10-cv-00170-MJP, slip op. (W.D. Wash. Aug. 18, 2010).

This Motion is filed pursuant to Rules 7-3(d) and 7-11 of the Civil Local Rules, and is based on the ground that the foregoing decision was issued after Suzlon's Petition was taken under submission. Suzlon has stipulated to the Court's acceptance of the foregoing recent decision for its consideration.

This Motion is based upon this Notice of Motion, the accompanying Memorandum, and the Stipulation and [Proposed] Order filed concurrently herewith.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

Rule 7-3(d) of the Civil Local Rules states that "[b]efore the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed[.]"  Here, although the hearing date for Suzlon's Petition for Leave to Conduct Discovery in Aid of Foreign Judicial Proceedings has passed, the petition is still pending.  Therefore, the Court may grant administrative relief pursuant to Rule 7-11 of the Local Civil Rules in order to accept and consider a recent and relevant judicial opinion.  For the reasons more fully described below, Google respectfully requests that it do so.  Suzlon has stipulated to the Court's consideration of the recent authority attached hereto.

## II.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  The Instant Petition

On March 4, 2010, Suzlon petitioned this Court for an order granting it leave to take discovery from non-party Google in aid of litigation currently pending in Australia.  Specifically, Suzlon sought leave to issue a subpoena to Google seeking the contents of U.S.-based e-mail accounts allegedly maintained by parties to the Australia litigation and demanding that Google submit to a deposition for the purpose of authenticating the contents of those accounts.  Dk. # 8.  On May 7, 2010, Google filed an Opposition to the Petition on the grounds that Google is prohibited from disclosing the contents of e-mail in accounts it hosts by the Electronic Communications Privacy Act ("ECPA"), and that the deposition Suzlon sought to conduct would be needlessly burdensome for Google.  Dk. # 20.  On May 7, 12, 2010, Suzlon filed a Reply.  Dk # 23.  On May 18, 2010 the Court heard oral argument, and took the matter submission.  Dk. # 25.

### B.  Suzlon's Parallel Petition Seeking Discovery from Microsoft

In a parallel proceeding against Microsoft Corp. ("Microsoft") in the Western District of Washington filed on December 31, 2009, Suzlon sought discovery that is indistinguishable from that which is seeks to serve here:  the contents of e-mail stored in accounts hosted by Microsoft's hotmail email service.  *See Suzlon Energy Ltd. v. Microsoft Corp.*, No. 10-cv-00170-MJP, slip

1  op. (W.D. Wash. Aug. 18, 2010).  In the Washington action, Suzlon issued a subpoena to
2  Microsoft seeking, *inter alia*, the contents of an e-mail account allegedly used by one of the same
3  individuals whose e-mail is sought in the discovery Suzlon seeks leave to serve on Google, also
4  for apparent use in the same Australian litigation implicated in Suzlon's pending 28 U.S.C. §
5  1782 petition to this Court.  In addition, Suzlon sought to depose a Microsoft representative for
6  the purpose of authenticating the contents of those accounts.  Microsoft objected to the subpoena
7  on the grounds that the ECPA prohibited it from disclosing the contents of the e-mail account in
8  question and that Suzlon's proposed authenticating deposition would be needlessly burdensome.
9  　　　　The Washington Court agreed with Microsoft.  On August 18, 2010, the Honorable
10 Marsha Pechman of the United States District Court for the Western District of Washington
11 quashed Suzlon's subpoena to Microsoft, holding that "[o]n the plain terms of the [ECPA], Mr.
12 Sridhar's emails are protected from disclosure."  In so finding, she rejected Suzlon's argument
13 that under *Zheng v. Yahoo! Inc.*, U.S. Dist. Lexis 111886 (N.D. Cal. Dec. 2, 2009), the ECPA did
14 does apply to foreigners, because "[u]nlike the communications in Zheng, the information here is
15 stored on domestic soil by a United States entity."  Finally, Judge Pechman found that "a
16 deposition is unnecessary when a records custodian can authenticate documents by declaration."

17 **III.    ARGUMENT**
18 　　　　Where, as here, a judicial opinion in another action is issued after oral argument is heard,
19 but before a decision is rendered, Rules 7-3(d) and 7-11 of the Civil Local Rules authorize the
20 court to accept a party's submission of the recently decided authority if it is relevant to the matter
21 that has been taken under submission.  *See In re Flash Memory Antitrust Litig.*, 643 F. Supp. 2d
22 1133, 1164 (N.D. Cal. 2009) (granting "motion for administrative relief" seeking leave to submit
23 copies of "decisions that were rendered following the scheduled hearing date" and finding that
24 "the submission of these authorities is authorized and appropriate under Local Rules 7-3(d) and
25 7-11").
26 　　　　The *Suzlon v. Microsoft* decision is highly relevant to these proceedings.  It involves the
27 same petitioner and the same alleged third-party e-mail account holder as this action, and
28 resolved arguments identical to those raised by Suzlon and Google in these proceedings.

1  Specifically, Judge Pechman found that the ECPA prohibited Microsoft from disclosing the
2  contents of e-mail accounts that it hosts, even where the user of those accounts is a foreigner, and
3  that the authenticating deposition Suzlon proposed would impose a needless and undue burden
4  on Microsoft.  As Judge Pechman's decision resolves the same issues underlying Suzlon's
5  requested discovery in this action, the Court can and should consider it before ruling on Suzlon's
6  pending petition.

**IV.    CONCLUSION**

For the foregoing reasons, Google respectfully requests that the Court grant the stipulated relief sought in its motion for administrative relief and accept its submission of recent authority.

Dated:  September 3, 2010

WILSON SONSINI GOODRICH & ROSATI
Professional Corporation


By:   /s/ Michael H. Rubin
            Michael H. Rubin

Attorneys for Google Inc.