EXHIBIT 1

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| In the Matter of a Petition for Judicial Assistance Pursuant to 28 U.S.C. § 1782 by SUZLON ENERGY LTD,<br><br>Petitioner,<br><br>v.<br><br>for the Taking of Testimony from MICROSOFT CORP.,<br><br>Respondent. | CASE NO. C10-0170MJP<br><br>ORDER GRANTING RESPONDENT'S MOTION TO QUASH AND GRANTING IN PART PETITIONER'S MOTION FOR SUPPLEMENTAL RELIEF |

This matter comes before the Court on Respondent Microsoft Corporation's motion to quash and Petitioner Suzlon Energy LTD's motion for supplemental relief. (Dkt. Nos. 3, 10.) Intervenor Rajagopalan Sridhar has filed a brief in response to both motions. (Dkt. No. 26.) The Court has considered the motions, the responses (Dkt. Nos. 8, 15, 26), the replies (Dkt. Nos. 12, 16, 29), and all other pertinent documents in the record. For the reasons set forth below, the Court GRANTS Microsoft's motion to quash and GRANTS IN PART Suzlon's petition for supplemental relief.

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 1

## Background

Suzlon Energy LTD petitioned the Court, pursuant to 28 U.S.C. § 1782, for an order directing Microsoft Corp. to produce documents for use in a proceedings before the Federal Court of Australia. (Dkt. Nos. 1-2.) The Honorable James L. Robart granted Petitioner Suzlon's request and Respondent Microsoft filed timely objections, which the Court construed as a motion to quash. (Dkt. Nos. 2-3.) Petitioner filed a motion for supplemental relief. (Dkt. No. 10.) The Court granted a motion to intervene from Rajagopalan Sridhar, the owner of the email address at issue in Suzlon's underlying request.

Sridhar, purportedly a citizen of India, was employed by Suzlon to manage certain logistical requirements related to Suzlon's transportation of good by sea. (Second Hurley Decl. ¶¶ 5-10.) In 2007, Suzlon set up a shipping subsidiary, headed by Sridhar, to pursue Suzlon's shipping business. In the Australian proceeding, Suzlon alleges Sridhar defrauded the company by diverting profits to unauthorized accounts, making excessive payments, diverting business opportunities, and transferring secret commissions to Swiss bank accounts. (Id. ¶¶ 13-16.) Sridhar is in custody in India, where he is accused of fraud. In the Australian proceedings, the Federal Court of Australia has determined it has personal jurisdiction over Sridhar, though Sridhar has not entered an appearance through any representative. (Id. ¶¶ 18-19.)

In the Australian proceedings, Suzlon issued a subpoena to Microsoft asking it to produce all emails sent to and received from "sridhar1998@hotmail.com" as well as emails deleted in the account and drafts of emails saved in the account. (First Hurley Decl., Ex. B.) Judge Robart's ex parte order directed Microsoft to produce the documents as outlined in the Australian subpoena. (Dkt. No. 2 at 2.) In its petition for supplemental relief, Suzlon proposes the following additional production:

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 2

Microsoft shall make a corporate representative available for deposition on a date to be agreed with counsel for the Petitioner but in any event no later than April 7, 2010, in order to give testimony regarding non-content customer information and alleged hacking of the account said to belong to Rajagopalan Sridhar under which emails were sent to or from the address - sridhar1998@hotmail.com, and to provide, no less than ten (10) days in advance of said deposition:

A. Copies of all written agreements governing the current or past contractual relations between Microsoft Corp. and the account holder using the email address sridhar1998@hotmail.com;

B. Copies of all correspondence between Microsoft and the account holder of the said account;

C. Documents reflecting the identity of the account holder using the email address sridhar1998@hotmail.com;

D. Documents reflecting the date on which the said account was opened and the date upon which it was closed; and

E. All documents relating to the alleged hacking of said account including but not limited to documents reflecting the results of any investigations concerning the perpetrators of the alleged hacking.

(Dkt. No. 10-2.) Both Sridhar and Microsoft oppose the original discovery request and the motion for supplemental relief.

## Discussion

I.   **28 U.S.C. § 1782**

Section 1782 permits a court to direct a person "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." 28 U.S.C. § 1782(a). In considering whether to grant a request under § 1782, the Court considers: (1) whether the producing party is a participant in the underlying litigation; (2) the "nature of the foreign tribunal" and "character of the proceedings;" (3) whether the request is an attempt to circumvent foreign discovery protocols; and (4) whether the request is unduly burdensome. Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 264-66 (2004); see also London v. Does 1-4, 279 F. App'x 513, 515 (9th Cir. 2008).

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 3

1   Microsoft objects Suzlon's petition because (1) Suzlon has not established that the documents would be discoverable in the foreign jurisdiction, (2) the request does not comply with Fed. R. Civ. P. 45, (3) production would run afoul of the Electronic Communications Privacy Act ("ECPA"). Though the first two arguments have no merit, the Court finds that compliance with the § 1782 Order would violate the ECPA.

## II.  Foreign Discoverability

In Intel, the Supreme Court rejected a "foreign-discoverability" limitation on the scope of documents that may be sought. The Court reasoned: "[b]eyond shielding material safeguarded an applicable privilege . . . nothing in the text of § 1782 limits a district court's production-order authority to material that could be discovered in the foreign jurisdiction if the materials were located here." 542 U.S. at 260. Microsoft's suggestion that Suzlon must establish the discoverability of the material in the foreign jurisdiction is plainly odds with Intel. (Dkt. No. 12 at 3 (citing In re Court of the Comm'r of Patents for Rep. South Africa, 88 F.R.D. 75, 77 (E.D. Pa. 1980) (a pre-Intel decision)).) The Court thus rejects Microsoft's suggestion that the material sought must be discoverable in the foreign proceeding.

## III.  Construction with Fed. R. Civ. P.

Microsoft complains that Suzlon should issue subpoenas as set forth by the Rules of Civil Procedure. Section 1782 contemplates that courts will issue orders approving the requests and does not require a petitioner to issue subpoena. Instead, the statute provides "[t]o the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure." 28 U.S.C. § 1782. Here, Judge Robart's Order provided a method for service upon Microsoft. (Dkt. No. 2 at 2.) To the extent required, Suzlon has complied with the Rules of Civil Procedure.

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 4

1 In any case, if the concern for following the Fed. R. Civ. P. is notice, Microsoft has had the
2 opportunity to review the requests and file objections. The Court declines to quash the subpoena
3 on this basis.

4     **IV.  Electronic Communications Privacy Act (18 U.S.C. §§ 2701-2712)**

5     Microsoft expresses a concern that production of Mr. Sridhar's emails would run afoul of
6 the Electronic Communications Privacy Act, 18 U.S.C. §§ 2701-2712. Though Microsoft takes
7 no position on the applicability of the ECPA to foreign citizens, Mr. Sridhar argues the act
8 prohibits disclosure. In pertinent part, the statute provides:

9     (1) a person or entity providing an electronic communication service to the public
    shall not knowingly divulge to any person or entity the contents of a
10     communication while in electronic storage by that service . . .

11 18 U.S.C. § 2702(a)(1). The statute goes on to list a number of exceptions to the prohibition on
12 disclosure, none of which are applicable here. See 18 U.S.C. § 2702(b)(1)-(8). There is no
13 dispute that email messages, which are preserved on a service provider's server after delivery,
14 fall within the definition of "electronic storage" as set forth in 18 U.S.C. § 2702. See Theofel v.
15 Farey-Jones, 359 F.3d 1066, 1075 (9th Cir. 2004). Thus, courts analyzing solely domestic
16 communications have quashed civil discovery subpoenas that would disclose communications in
17 violation of the ECPA. See, e.g., In re Subpoena Duces Tecum to AOL, LLC, 550 F. Supp. 2d
18 606, 609-11 (E.D. Va. 2008) (collecting cases). Suzlon argues that the ECPA has no application
19 here because (1) the rationale of Zheng v. Yahoo! Inc. suggests the ECPA should not apply to
20 foreign residents with respect to materials stored in the United States and (2) the legislative
21 history of the ECPA evinces Congressional intent only to preserve Fourth Amendment rights.
22 (See Dkt. No. 29 at 2-3.)

23
24 ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 5

1       First, Suzlon's analogy to Zheng is not persuasive. In Zheng, a district court dismissed a case alleging ECPA violations for disclosures made by a Yahoo entity in Hong Kong to the Chinese government. 2009 U.S. Dist. LEXIS 111886, at **2-3 (N.D. Cal. Dec. 2, 2009). The Court reasoned that, even though the communications traveled through networks in the United States, the ECPA could not prohibit disclosure because "the alleged interceptions and disclosures occurred" in China. Id. at *12. Unlike the communications in Zheng, the information here is stored on domestic soil by a United States entity. Nothing in Zheng would suggest disclosure is appropriate in this matter.

Second, Suzlon's argument regarding Congressional intent ignores basic principles of statutory construction. As the Supreme Court has repeated, "when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms." Lamie v. U.S. Trustee, 540 U.S. 526, 534 (2004) (quoting Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A., 530 U.S. 1, 6 (2000)). The statute prevents an entity from "divulg[ing] to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). It further defines "user" as "any person or entity who uses an electronic communication . . . ." 18 U.S.C. § 2510(13)(A). On the plain terms of the statute, Mr. Sridhar's emails are protected from disclosure. The Court therefore declines Suzlon's invitation to search for a non-textual jurisdictional limitation in the statute's legislative history.

### V.     Petition for Supplemental Relief

Both Suzlon and Mr. Sridhar recognize that the ECPA does not extend protections to all information sought by the petition for supplemental relief. (See Dkt. No. 26 at 11-12.) Suzlon's petition for supplemental relief seeks only non-content information related to Mr. Sridhar's email

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 6

1  account, which is beyond the ambit of the ECPA. Microsoft argues, and the Court agrees, that a

2  deposition is unnecessary when a records custodian can authenticate documents by declaration.

3  (Dkt. No. 15 at 4.) The Court therefore orders Microsoft to produce to Suzlon, within 15 days of

4  this Order, all non-content as follows: (1) copies of all written agreements governing the current

5  or past contractual relations between Microsoft Corp. and the account holder using the email

6  address sridhar1998@hotmail.com; (2) copies of all correspondence between Microsoft and the

7  account holder of the said account; (3) documents reflecting the identity of the account holder

8  using the email address sridhar1998@hotmail.com; (4) documents reflecting the date on which

9  the said account was opened and the date upon which it was closed; and (5) all documents

10 relating to the alleged hacking of said account including but not limited to documents reflecting

11 the results of any investigations concerning the perpetrators of the alleged hacking.

12       To the extent Mr. Sridhar's brief requests any disclosure to be reviewed by his counsel

13 prior to disclosure, the request is denied. The intervenor offers no authority that would support

14 such a procedure.

15 \\

16 \\

17 \\

18 \\

19 \\

20 \\

21 \\

22 \\

23 \\

24

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 7

## Conclusion

Because the ECPA precludes disclosure of email content as requested, the Court GRANTS Microsoft's motion to quash. The Court further GRANTS IN PART Suzlon's petition for supplemental relief and directs Microsoft to produce, within 15 days of this Order, the non-content information outlined above. After that time, the Court shall direct the Clerk to enter judgment in this matter.

Dated this 18th day of August 2010.

Marsha J. Pechman
United States District Judge

ORDER GRANTING RESPONDENT'S MOTION
TO QUASH AND GRANTING IN PART
PETITIONER'S MOTION FOR SUPPLEMENTAL
RELIEF- 8