UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE BELUGA SHIPPING GMBH & CO. KS "BELUGA FANTASTIC" V. SUZLON ENERGY LTD., FEDERAL COURT PROCEEDINGS, NSD 1670 OF 2008 BEFORE THE FEDERAL COURT, NEW SOUTH WALES, AUSTRALIA | Misc. Case No. C 10-80034 JW (PVT)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART SUZLON'S PETITION FOR LEAVE TO CONDUCT DISCOVERY; ORDER GRANTING NON-PARTY GOOGLE, INC.'S MOTION TO INTERVENE**<br><br>**[Docket No. 19]** |

## INTRODUCTION

Suzlon Energy, Ltd., Suzlon Energy Australia PTY Ltd., Suzlon Infrastructure Limited, Suzlon Wind Energy Corporation, USA, Suzlon Structures PTE, Ltd., and SE Shipping PTE Ltd. petition for leave to conduct discovery in aid of foreign judicial proceedings pursuant to 28 U.S.C. § 1782. (collectively "Suzlon"). Non-party Google, Inc. moves to intervene, and opposes the petition. ("Google"). The parties appeared for a hearing on May 18, 2010. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that petitioner Suzlon's petition is granted in part and denied in

part without prejudice to a renewed motion upon proper showing.[1]

## FACTUAL BACKGROUND

Suzlon designs and manufactures wind turbines and is the third largest wind turbine manufacturer in the world. In an action proceeding in the Federal Court in New South Wales, Australia, Suzlon represents that its former employees, Rajagpalan Sridhar (Chief Manufacturing Officer) and Sanjeev Bangad (General Manager, Logistics), have been named as cross-defendants and allegations against them include claims for fraud and breach of fiduciary duty. (collectively "individual cross-defendants"). Specifically, Suzlon alleges that individual cross-defendants Sridhar and Bangad misrepresented to the company whether Suzlon could procure sufficient ships to transport Suzlon's cargo, and instead themselves, formed and incorporated several companies to financially benefit from transporting Suzlon's cargo. Individual cross-defendants Sridhar and Bangad further misrepresented to the company that they were not associated with any of the companies contracted to ship Suzlon's cargo, and that they did not financially benefit from contracting with these companies to ship Suzlon's cargo.

Suzlon petitions to subpoena the contents of certain electronic mail accounts hosted by non-party Google. Suzlon believes that those email accounts were used by the individual cross-defendants to facilitate their egregious conduct. Suzlon also petitions to depose a representative from Google to authenticate the emails from those email accounts and for a preservation order.[2] Because Google's headquarters is located in Mountain View, California and in this district, Suzlon petitions this court for leave to take discovery.

On February 12, 2010, the court issued an order denying without prejudice Suzlon's petition for leave to conduct discovery in aid of foreign judicial proceedings pursuant to 28 U.S.C. § 1782. Suzlon was instructed to serve the individual cross-defendants Sridhar and Bangad, who were believed to reside in Australia. Order Denying without Prejudice Suzlon's Petition for Leave to

---

[1] The holding of this court is limited to the particular facts and particular circumstances underlying the present motion.

[2] In the reply, Suzlon withdrew without prejudice its request to depose Google. Reply at 5.

Take Discovery in Aid of Foreign Judicial Proceedings Pursuant to 28 U.S.C. § 1782 dated February 12, 2010. ("February 12, 2010 Order"). (Docket No. 8).

On February 24, 2010, Suzlon informed the court that cross-defendants Sridhar and Bangad were located and imprisoned in India. *See* Docket No. 9. On March 1, 2010, the court ordered Suzlon to serve them there. Order Regarding Suzlon's Amended Order for Leave to Conduct Discovery in Aid of Foreign Judicial Proceeding Pursuant to 28 U.S.C. § 1782 filed on March 1, 2010. ("March 1, 2010 Order"). (Docket No. 10). On March 3, 2010, Suzlon served the individual cross-defendants Bangad and Sridhar pursuant to Hague Convention protocols. Although the court later received a letter from individual cross-defendant Bangad's brother, which indicated that Bangad has received notice of the service, no official confirmation from the Indian Central Authority has been received for either cross defendant. *See* Docket No. 18. Moreover, Suzlon has not confirmed service on the individual cross-defendants.

In the subpoenas, Suzlon petitions for the following information:

1. All emails sent, received, and/or drafted whether or not they are relevant to the Australian proceedings, from the following email addresses: Ybangad@gmail.com; sanjeevbangad@gmail.com; rsridhar1998@gmail.com; g01p36b@gmail.com.

2. Ability to depose a representative from Google regarding:

   A. When each of the Gmail accounts at issue was created;

   B. The name provided to Google by the user of each account during the account creation process;

   C. The country in which each account was created;

   D. How Google stores or saves emails in Gmail accounts;

   E. How information regarding when emails sent to and from a Gmail account is recorded and stored.

## LEGAL STANDARD

28 U.S.C. § 1782 provides the mechanism for foreign tribunals or interested persons to request assistance from a district court to conduct discovery for use in foreign proceedings. It states in pertinent part:

> (a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations

> conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

*See* § 1782(a).

There are three basic requirements: (1) the applicant must be a foreign tribunal or an "interested person;" (2) discovery must be for use in a proceeding before the foreign tribunal; and (3) the application for discovery must be made in the district where the person from whom discovery is sought resides. *See Esses v. Hanania (In re Esses)*, 101 F.3d 873, 875 (2nd Cir. 1996). Courts have ascribed two goals to the statute: first, it provides an efficient means for federal courts to assist foreign tribunals and litigants before such tribunals; and second, it encourages foreign countries to provide similar assistance by setting an example. *See, e.g., Euromepa v. R. Esmerian*, 154 F.3d 24, 28 (2nd Cir. 1998)*; In re Application of Malev Hungarian Airlines*, 964 F.2d 97, 100 (2nd Cir. 1992). District courts have broad discretion to achieve those goals. *See Four Pillars Enters. v. Avery Dennison Corp.*, 308 F. 3d 1075, 1078 (9th Cir. 2002).

The Federal Rules of Civil Procedure apply to 28 U.S.C. § 1782. *See* 28 U.S.C. § 1782 (2010). The legislative history of the statute states that "[i]f the court fails to prescribe the procedure, the appropriate provisions of the Federal Rules of Civil Procedure are to be followed, irrespective of whether the foreign or international proceeding or investigation is of a criminal, civil, administrative, or other nature." *See* S. Rep. No. 1580, 88th Cong., 2d Sess. (1964), *reprinted in* 1964 U.S.C.C.A.N. 3782, 3789.

Rule 1 of the Federal Rules of Civil Procedure states that the Rules are intended "to secure the just, speedy, and inexpensive determination of every action and proceeding." *See* FED. R. CIV. P. 1. Rule 5 states that "[u]nless these rules provide otherwise, each of the following papers must be served on every party[,] [including] . . . a written motion, except one that may be heard ex parte."

*See* FED. R. CIV. P. 5(a)(1)(D). Thus, unless a § 1782 motion is *ex parte*, service of notice must be given to all parties.

## DISCUSSION

**I.    Suzlon Satisfies the Three Requirements Under 28 U.S.C. § 1782**

The present action satisfies the requirements for 28 U.S.C. § 1782 action. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 256-58 (2004). First, petitioner Suzlon is a litigant in a foreign action that qualifies as an "interested person" under the statute. *See id.* Second, the discovery sought is for use in the Australian proceedings, and lastly, Google is located in the Northern District of California. *See id.* Therefore, petitioner Suzlon satisfies the three requirements set forth above.

**II.    Google May Intervene, and Under the Electronic Communications Privacy Act, the Subpoenas are Futile without Consent from the Individual Cross-Defendants**

Suzlon seeks, *inter alia,* the contents of the individual cross-defendants' email accounts. Pursuant to Electronic Communications Privacy Act (18 U.S.C §§ 2701-2712), non-party Google states that consent from the individual cross-defendants is required, and that until, and unless, their consents are obtained, it is unable to comply with the subpoenas. *See* 18 U.S.C. § 2702 (the ECPA's description of the voluntary disclosure of customer communications or records); *see also Theofel v. Farey-Jones*, 359 F.3d 1066, 1073 (9th Cir. 2004) (the ECPA protects users whose electronic communications are in electronic storage with an ISP or other electronic communications facility); *O'Grady v. Superior Court*, 139 Cal. App. 4th 1423, 1447 (2006) (the discovery must be directed to the owner of the data, not the bailee to whom it was entrusted). A subpoena can be permissible if it seeks the identity of specific emails or of accounts. *See O'Grady*, 139 Cal. App. 4th at 1447. The ECPA, however, prohibits a subpoena if it seeks the content of any email account absent a consent. *See* 28 U.S.C. § 1782 (2010). Because Google knows that it cannot comply with the subpoenas, it seeks to intervene at this stage of the proceedings and to oppose the petition, even though the subpoenas or deposition requests have not yet been issued.

Suzlon contends that the ECPA does not apply to foreign citizens, and therefore, Google may comply with the subpoenas. Specifically, Suzlon relies on *Zheng v. Yahoo! Inc.,* which held that the ECPA does not apply to electronic communications of foreign citizens. *See Zheng v. Yahoo, Inc.*,

2009 U.S. Dist. LEXIS 111886 (N.D. Cal. Dec. 2, 2009) (M. Chesney).  However, the court in *Zheng* found that because the email interceptions and disclosures occurred outside of the United States by a company whose servers for were located outside the United States, the ECPA would not apply or extend to the foreign nationals.  In the present case, however, Google and its servers are located within the United States and therefore, the ECPA applies.  As such, the ECPA prohibits Google from disclosing the contents of those email accounts until it receives consents from the email account holders.  Therefore, it is futile for the subpoenas to issue until notice has been served and consent has been obtained from the cross-defendants.  Accordingly, it is appropriate for non-party Google to intervene at this juncture to oppose the petition and to deny the petition insofar as it seeks the content of the specific email accounts set forth above.

**III.    Suzlon Must Serve Notice Pursuant to the Federal Rules of Civil Procedure**

Until a subpoena or deposition request has been issued, petitioner Suzlon asserts that 28 U.S.C. § 1782 does not require notice to any party of a petition to conduct discovery in aid of a foreign proceeding.  Suzlon further asserts that requests for assistance under 28 U.S.C. § 1782 are made *ex parte*, in which case notice is not required.

Rule 1 states:

> These rules govern the procedure in all civil actions and proceedings in the United States district courts . . . They should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding.

*See* FED. R. CIV. PRO. 1. Rule 1 governs all civil actions and therefore applies to 28 U.S.C. §1782.

Rule 5 states:

> (a) Service: When Required.
>
> (1) In General.
>
> Unless these rules provide otherwise, each of the following papers must be served on every party:
>
> (A)    an order stating that service is required;
>
> (B)    a pleading filed after the original complaint, unless the court orders otherwise under Rule 5(c) because there are numerous defendants;
>
> (C)    a discovery paper required to be served on a party, unless the court orders otherwise;

|   |   |   |
|---|---|---|
| (D) | | a written motion, except one that may be heard *ex parte*; and |
| (E) | | a written notice, appearance, demand, or offer of judgment, or any similar paper. |

*See* FED. R. CIV. PRO. 5(a).  Here, Rule 5 applies to a Section 1782 petition.  The Rules emphasize service of notice.  *See* Schwarzer, Tashima & Wagstaffe, Cal. Prac. Guide: Fed Civ. Pro. Before Trial (The Rutter Group 2008), § 12:27.

### A. Suzlon's petition is not *ex parte*

Suzlon asserts that the present action should be considered *ex parte*.  The court in *Mission Power Engineering Co.* defined the terms of a valid *ex parte* motion.  *See Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).  First, the moving party must show that its cause will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures.  *See id.*  Second, the moving party must be without fault in creating the crisis or that the crisis occurred as a result of excusable neglect.  *See id.*

Even though Suzlon has shown that it is not at fault for creating the crisis, Suzlon has not shown that its cause will be irreparably prejudiced if the underlying motion is not heard according to regular noticed motion procedures.  Based on this alone, the motion should not be considered *ex parte*.

Additional considerations further emphasize that the present motion should not be considered *ex parte*.  First, the practice of *ex parte* undermines the impartiality of the court.  *See* 8B J. Moore, Moore's Federal Practice 43.03 [2], at 43-23 (1983).  The court has a limited view of the situation with only input from one party to the conflict.  *See United States v. Earley*, 746 F.2d 412, 416 (8th Cir. 1984).

Google has adequately asserted that it should be permitted to intervene at this stage of the proceedings, thereby giving the court a fuller view of the issues in the action.  Second, the petition should not be considered *ex parte* simply by labeling it as such.  *See United States v. R.F. Ball Const. Co.*, 355 U.S. 587, 593 (1958) ("Substance, not form or labels, controls the nature and effect of legal instruments"); *W.B. Worthen Co. ex. rel. Board of Commissioners v. Kavanaugh*, 295 U.S. 56, 62 (1935) ("What controls our judgment. . . is the underlying reality rather than the form or label").

## CONCLUSION

For the foregoing reasons, non-party Google may intervene at this juncture in the proceedings. Because the subpoenas would be futile without the consent of the cross-defendants, Suzlon's petition is granted in part and denied in part without prejudice to a renewed showing that consents have been obtained.

Non-party Google shall disclose documents that reflect the following: (1) when the specific email accounts set forth above were created; (2) the actual names of the email account holders provided to Google during the account creation process; and (3) the countr(ies) from which the specific email accounts set forth above were created.

Pending further showing of consent by the email account holders, Google is instructed to continue to preserve the snapshot of the emails in the specific Gmail accounts set forth above.

IT IS SO ORDERED.

Dated: September 23, 2010

_____
PATRICIA V. TRUMBULL
United States Magistrate Judge